## John J. Closs v. Nickolas Thiefels.

*Bills and notes—Charge to jury—Evidence.*

1. It is error to instruct the jury that in case of a recovery it must be for the full amount claimed by the plaintiff, when there is proof of a much smaller consideration for the contract sued upon.

2. Proof that a lightning rod was such as was usually made or furnished by a certain person has no tendency to prove that it was put on the defendant's house by that person or not paid for.

Error to Wayne. (Brevoort, J.) Argued January 31, 1890. Decided February 20, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for appellant.

*L. C. Stanley,* for plaintiff.

Campbell, J. Plaintiff sued before a justice on the common counts, and as indorsee of a document called a " promissory note," payable to W. Van Dusen or bearer for $60, indorsed by W. Van Dusen & Co., but containing language which prevented it from being a negotiable instrument.

On the appeal, in the Wayne circuit, a defense was, among other things, based on the claim that the paper was extorted from defendant by Van Dusen and another, representing the North American Lightning-rod Company; that these agents were anxious to have the privilege of putting up a rod on defendant's house, to show as a sample, and agreed to do so on that account for a very small sum,—less than five dollars; that defendant was

induced to sign a paper which he could not read, and did not understand, in the nature of an order, and that the agents put up a large length of rod, and threatened to do more, if he did not accede to their demands for payment; that he was led, in his excitement, to sign two papers like the one sued on,—one directly to the company. This is an outline of the facts in issue.

As this paper is not negotiable, it became a question of fact whether Closs got it from any one who was authorized by the company to assign it; and as plaintiff was allowed to amend and claim a delivery to Van Dusen, and a transfer by him as owner, this question became all the more important. It is also true that the consideration was essential, and the validity of the promise depended on it. According to defendant, he owed nobody more than a very small sum, and it was not allowable to go into any proof of *quantum valebat,* if there was a contract for a set sum. Defendant could not be liable for what was put on his house, unless done at his request, or by his approbation, with the understanding it was to be paid for. The court, after charging on various theories, told the jury that, if there should be any recovery, it must be for the full amount claimed by plaintiff. This was error, because there was proof of a much smaller consideration.

It was also necessary, in order to a recovery, to show an actual dealing with defendant by the person or company to whom the debt accrued. Proof that the lightning-rod was such as was usually made or furnished by a certain person had no tendency to prove it was put on defendant's house by that person or not paid for. This must appear by legal evidence, and no legal inference could be drawn in such a case without such proof. The record shows a rather miscellaneous trial, and some things that will probably not occur again. The issues

were not complicated. We do not care to go over the case in detail. We have indicated the rules that should govern. Some of them were not observed.

The judgment should be reversed, with costs, and a new trial granted.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.